**\*\*E-filed 6/20/11 \*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GLORIA VILLEGAS<br><br>        Plaintiff,<br>  v.<br><br>US BANCORP, et al.,<br><br>        Defendants.<br>_____/ | No. C 10-1762 RS<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION** |

In the wake of *AT&T Mobility v. Concepcion*, 131 S.Ct. 1740 (2011), defendants move to compel arbitration of named plaintiff Gloria Villegas's claims in this action, and to stay the litigation pending such arbitration. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument, and the hearing set for June 23, 2011 is vacated.

The motion is granted. There is no dispute that the claims are within the scope of a written arbitration agreement between the parties. Villegas makes no claim that the arbitration agreement would generally be unenforceable on any grounds. The sole issue is whether defendants waived the right to arbitrate because they did not move to enforce the agreement until approximately 13 months after the complaint was filed. As stated in the authority offered by Villegas, "[a] party seeking to prove waiver of a right to arbitrate must demonstrate (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing

arbitration resulting from such inconsistent acts." *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). "The party arguing waiver of arbitration bears a heavy burden of proof." *Id.*

Here, although the arbitration provision at all times existed in the parties' agreement, defendants cannot be said to have had "knowledge of an existing right to compel arbitration," until the *Concepcion* decision issued. Prior to that date, defendants had every reason to believe that any motion to compel arbitration would have been soundly rejected, given then-governing California Supreme Court precedent that arbitration provisions purporting to waive class action rights were invalid under circumstances that cannot be meaningfully distinguished from those present here. *See Discover Bank v. Superior Court,* 36 Cal. 4th 148 (2005). Villegas's attempt to argue that defendants could and should have sought to compel arbitration of the class claims notwithstanding *Discover Bank* is not persuasive. Accordingly, because defendants brought this motion promptly after *Concepcion* effectively overruled *Discover Bank*, there is no basis to conclude that they waived their right to compel arbitration of the class claims.

Villegas's claim brought under California Civil Code section 1632, which she brought individually and not on behalf of a class, presents a somewhat closer call. Defendants have not responded to Villegas's contention that nothing barred them from seeking to compel arbitration of that claim from the outset of this litigation. Nevertheless, even as to that claim Villegas has not met her heavy burden to show a waiver of the right to arbitrate.

Although this action has been pending for a significant period of time, it remains in the early stages of litigation. Under Villegas's own assertions, the majority of the parties' resources expended to date have involved the class action issues. Moreover, assuming defendants technically would have had the right to force arbitration of the individual claim at an earlier time, their decision not to do so and thereby put Villegas to the burdens of proceeding in two fora simultaneously cannot be now held against them. Whatever prejudice Villegas may have suffered as a consequence of the fact that the law did not permit defendants to compel arbitration of the class claims until recently, she has not shown cognizable prejudice resulting from defendants' earlier decision not to pursue arbitration of only the individual claim.

1   Accordingly, all of Villegas's claims are subject to arbitration.  This action is hereby stayed
2 pending completion of such arbitration.   The Clerk is directed to close the file for administrative
3 purposes.  It may be reopened for such additional proceedings as may be appropriate and necessary
4 upon conclusion of the arbitration.  If the matter is resolved by settlement, or in the event Villegas
5 elects not to pursue arbitration, she shall promptly file a dismissal of this action.

7   IT IS SO ORDERED.

9   Dated:  June 20, 2011

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE