IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GLORIA VILLEGAS

        Plaintiff,

v.

US BANCORP, et al.,

        Defendants.

No. C 10-1762 RS

**ORDER DENYING MOTION TO VACATE ARBITRATION AWARD**

## I. INTRODUCTION

Plaintiff Gloria Villegas moves to vacate the arbitration award entered against her in this action. Specifically, Villegas contends she is undeniably entitled to a "public injunction" requiring defendants to comply with California Civil Code section 1632 when engaged in transactions like the one alleged in the complaint. Because Villegas has presented no viable grounds to vacate the arbitrator's decision, her motion will be denied.

## II. BACKGROUND

This case arose from defendants' alleged banking practices in making car loans. Villegas alleged three contractual and unfair business practice claims as a putative class action on behalf of all persons similarly situated. A fourth claim for relief brought by Villegas individually alleged a

violation of California Civil Code §1632, which generally requires consumers to be provided translations of contract documents when consumer transactions are negotiated primarily in certain specified languages other than English. Villegas contended defendants breached §1632 because she was only provided with the loan documents and other paperwork in English despite the fact that all of her conversations with defendants were conducted in Spanish. Villegas pleaded the alleged violation of §1632 as a predicate for an unfair business practices claim under California Business and Professions Code §17200.

After removing the action from Sonoma County Superior Court, defendants moved to dismiss. That motion was denied. Then, after the Supreme Court issued its decision in *AT&T Mobility v. Concepcion*, 131 S.Ct. 1740 (2011), defendants move to compel arbitration based on a written arbitration agreement between the parties. That motion was granted.

The arbitrator rejected all of Villegas' claims. She now moves to vacate solely as to her individual claim under §17200, predicated on the alleged violation of §1632. Villegas contends that even when characterized as an individual claim, there exists a substantive right to obtain a "public injunction" to preclude defendants from violating §1632 in like circumstances in the future, involving other potential customers.[1]

### III. LEGAL STANDARD

"[A] federal court may only review an arbitral decision on the grounds set forth in the Federal Arbitration Act." *Kyocera v. Prudential–Bache Trade Services*, 341 F.3d 987, 1000 (9th Cir. 2003). Thus, vacatur or modification is warranted only where specified under 9 U.S.C. §§ 10 (vacatur) or 11 (modification or correction).

Under 9 U.S.C. § 10, a district court may vacate an arbitration award only:

---

[1] Defendants urge denial of the motion to vacate on grounds that it was untimely filed. Although Villegas's failure to bring the motion in the correct forum initially, and her subsequent delay in filing here, could support a finding that the motion is untimely, given all the circumstances it will instead be evaluated on the merits.

(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption [by] the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Kyocera*, 341 F.3d at 997 (quoting 9 U.S.C. § 10); *accord G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1106 (9th Cir. 2003) (citations omitted).

Vacatur under § 10 is extremely limited. "It is generally held that an arbitration award will not be set aside unless it evidences a manifest disregard for law." *Wilson*, 326 F.3d at 1105. "Confirmation of an arbitration award is required even in the face of erroneous misinterpretations of law." *Id.* "It is not even enough that the [arbitrator] may have failed to understand or apply the law. An arbitrator's decision must be upheld unless it is completely irrational or it constitutes a manifest disregard of the law." *Id.* (quoting *French v. Merrill Lynch*, 784 F.2d 902, 906 (9th Cir. 1986)); *Kyocera*, 341 F.3d at 997. To modify or vacate an award on these grounds, a court must find that both (a) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether; and (b) the law ignored by the arbitrators was "well defined, explicit, and clearly applicable to the case." *DiRussa v. Dean Witter Reynolds, Inc.* 121 F.3d 818, 821 (2nd Cir. 1997).

## IV. DISCUSSION

Villegas's central contention is that she has a non-waivable substantive right under §17200 to seek a "public" injunction prohibiting defendants from violating §1632. Villegas argues that even though the language in the arbitration agreement and the holding in *Concepcion* may support a conclusion that she contractually waived the right to bring class actions or other representative

actions, that has no bearing on whether she can seek a public injunction remedy as part of her individual claim under §17200.

Even assuming the right to a public injunction was not waivable *by contract*, however, Villegas is overlooking the procedural posture of this action. When defendants moved to compel arbitration, Villegas made *no* argument that her claim predicated on §1632 was not arbitrable. Indeed, to the contrary, she argued that particular claim had been subject to arbitration from the outset, even before *Concepcion* removed the barriers to compelling arbitration of the other claims for relief. Villegas's present motion, therefore, represents an attempt to seek reconsideration of the order compelling arbitration, where no viable grounds to do so exist. In essence, Villegas is now arguing that the claim should not have been sent to arbitration in the first instance. That argument is untenable because any error in that regard was invited, and the time to attack that decision has long since expired. Thus, the issue is not one of contractual waiver, but that Villegas waived any right to a judicial determination of the merits of her claim for a public injunction by not raising the issue at an appropriate time in the litigation.

Furthermore, regardless of where it would have been proper to adjudicate Villegas's entitlement to a public injunction remedy, she would first have to establish an underlying violation of §1632. Defendants argued to the arbitrator that there was no actionable violation here for at least three reasons: (1) the contract in dispute was not "negotiated" and therefore not within the scope of the statute, (2) the statute is preempted by federal law, and (3) the claim is time-barred. It may be that all three of those arguments are dubious at best, and that there would be reasonable grounds to conclude that the arbitrator's decision was legally erroneous. Villegas has offered nothing, however, that would transform any such ordinary legal error into grounds for vacating the decision, under the applicable standards outlined above. *See, e.g., Wilson*, 326 F.3d at 1105. ("Confirmation of an arbitration award is required even in the face of erroneous misinterpretations of law.") Thus, there is no basis to set aside the arbitration decision in any event.[2]

---

[2] Villegas's motion for leave to submit an additional case citation is granted, but it does not support a different analysis or result.

## V. CONCLUSION

The motion to vacate is denied.

Dated: 3/31/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE